IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cr169-WKW |
| | ) | WO |
| CHRISTOPHER IMAN ULMER | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on March 5, 2007. There is a rebuttable presumption of detention in this case.[1]

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant – who is charged in the indictment with, *inter alia*, distribution of 61.5 grams of crack cocaine, and possession with the intent to distribute 582 grams of crack cocaine, 1501 grams of cocaine powder, and 2700 grams of marijuana – has a lengthy history of prior arrests and convictions for drug charges, including possession of marijuana, possession of drug paraphernalia, unlawful distribution of a controlled substance, trafficking in marijuana, and trafficking in cocaine. He has convictions for attempting to elude police (two counts) and failure to appear (traffic). Defendant also has multiple pending charges, including possession of controlled substances, possession of marijuana 1st, possession of drug paraphernalia (2 charges), murder, and attempted murder. The latter charges stem from a recent incident in which defendant was a passenger in a vehicle which exchanged gunfire with the occupants of another vehicle. The evidence

---

[1] Defendant made a sufficient showing to rebut the presumption in this case.

offered at the hearing indicated that, in the course of the incident (which appeared to be drug-related), defendant shot and killed an occupant of the second vehicle. Further, a confidential source told a Clanton deputy sheriff that he had overheard a conversation in which defendant said that as soon as one of his co-defendants in this case was released from prison (in Texas), the co-defendant was going to have some of his people come from Detroit and "take out" two specific drug task force agents in Clanton. Another confidential source told a narcotics investigator that defendant had inquired of the source whether he was cooperating with the DEA, an inquiry which caused the source to be "scared," in the opinion of the investigator. There is additional evidence (e.g., cell phone calls and drug sales) linking defendant to the drug conspiracy charged in the indictment, which involves 16 defendants, a large quantity of drugs, cash in excess of $2 million, multiple drug transactions, additional shootings and weapons, and the potential for lengthy prison sentences for all defendants. Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in

connection with a court proceeding.

    DONE, this 8th day of March, 2007.


                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        UNITED STATES MAGISTRATE JUDGE